ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 6 2011

JAMES N. HATTEN, Clerk
By: L. Wade-Childs
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA :
: CRIMINAL INDICTMENT
v. :
: NO. 1: 11-CR-535
MICHAEL W. BAXTER :
:

THE GRAND JURY CHARGES THAT:

**COUNTS ONE THROUGH FIFTEEN**
**Mail Fraud**
**(18 U.S.C. §§ 1341 and 2)**

1. Beginning on a date unknown to the Grand Jury, but at least by in or about December 2006, and continuing until in or about May 2010, in the Northern District of Georgia and elsewhere, the defendant, MICHAEL W. BAXTER, did knowingly devise and intend to devise a scheme and artifice to defraud Cisco Systems, Inc. ("Cisco Systems") and to obtain money and property from Cisco Systems by means of materially false and fraudulent pretenses and representations, and by omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

**BACKGROUND**

2. At all times relevant to this Criminal Indictment:

a. Cisco Systems was a corporation based in San Jose, California, in the business of manufacturing telecommunications and

information technology equipment and related products. Cisco Systems sold products directly to consumers and also through certain authorized re-sellers who had entered into agreements with Cisco Systems. Cisco Systems also sold, directly and though authorized re-sellers, various service and replacement warranty programs for certain products that it sold.

b. Verizon Wireless ("Verizon") was a joint venture between Verizon Communications, Inc. and Vodafone Group Plc., which provided wireless voice and data services throughout the United States. Verizon Communications, Inc. acquired GTE Corporation in June 2000. Verizon was based in Basking Ridge, New Jersey, and maintained a regional headquarters in Alpharetta, Georgia.

c. The defendant, MICHAEL W. BAXTER, was employed as a network engineer for GTE Corporation and then Verizon (after Verizon Communications, Inc. acquired GTE Corporation) from in or about May 1994 until in or about May 2010. The defendant worked out of Verizon's office in Alpharetta, Georgia.

**CISCO SYSTEMS' EXTENDED WARRANTY PROGRAM**

d. Verizon purchased extended warranty contracts from Cisco Systems that entitled Verizon to obtain technical service for and, if necessary, the advance replacement of, certain network communications equipment purchased by Verizon from Cisco Systems. Advance replacement meant that, where the part could not be serviced and replacement was necessary, the contracts entitled

Verizon to request and obtain the replacement equipment first, before sending the failed or defective equipment back to Cisco Systems. Verizon paid Cisco Systems for the contracts on an annual basis based on a percentage of the Cisco Systems equipment that Verizon had purchased that was in service within Verizon's network.

e. Pursuant to its contracts with Cisco Systems, authorized Verizon employees could create an online account on Cisco Systems' website to obtain technical assistance regarding Cisco Systems equipment, make service requests, and order replacement parts. Cisco Systems service engineers would evaluate the service requests, contact the submitting employee to provide assistance, and authorize shipment of a replacement part if necessary. Cisco Systems would then ship the replacement part to Verizon, and Verizon was responsible for returning the failed or defective part to Cisco Systems within a certain time frame.

**DEFENDANT'S SCHEME TO DEFRAUD**

3. The object of the scheme to defraud was for the defendant, MICHAEL W. BAXTER, to use his position as a network engineer at Verizon to cause Cisco Systems to ship replacement network communications equipment to Verizon pursuant Verizon's extended warranty contracts with Cisco Systems, by falsely representing to Cisco Systems that such equipment was failing or defective, when in truth and in fact there was no problem with the equipment, the defendant did not return the parts to Cisco Systems, and he was not

actually ordering the equipment for Verizon but for himself, in order to re-sell it to third parties for his own personal benefit and enrichment.

4. As part of the scheme to defraud, the defendant, MICHAEL W. BAXTER, caused Verizon to make hundreds of online service requests to Cisco Systems through Cisco Systems' customer service website that were specifically designed to cause Cisco Systems to ship replacement network communications equipment to Verizon. The defendant then re-sold the newly shipped parts to others at a discount for his own benefit and never placed them in service within Verizon's network, and never returned the original parts to Cisco Systems for evaluation and possible reburbishment by Cisco Systems despite falsely and fraudulently representing to Cisco Systems that he had done so or would do so.

**EXECUTION OF DEFENDANT'S SCHEME TO DEFRAUD**

5. On or about the dates identified in Column B of the chart set forth below, each date constituting a separate count as set forth in Column A, in the Northern District of Georgia and elsewhere, the defendant, MICHAEL W. BAXTER, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, and for obtaining money and property from Cisco Systems by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did knowingly cause the Cisco Systems equipment

identified in Column C to be sent and delivered by the United States Postal Service and other private and interstate carrier according to the directions thereon, to the address specified below in Column D:

| A<br>Count | B<br>Date (On or About) | C<br>Cisco Systems Part | D<br>Address |
|---|---|---|---|
| 1 | 12-20-06 | Part Number NPE-G1<br>Serial Number 34989717 | One Verizon Place Alpharetta, GA 30004 |
| 2 | 2-6-07 | Part Number NPE-G1<br>Serial Number 33038151 | One Verizon Place Alpharetta, GA 30004 |
| 3 | 7-9-07 | Part Number WS-X6724-SFP<br>Serial Number SAD10340695 | One Verizon Place Alpharetta, GA 30004 |
| 4 | 10-11-07 | Part Number WS-SUP720-3B<br>Serial Number SAL1050B2LJ | One Verizon Place Alpharetta, GA 30004 |
| 5 | 12-12-07 | Part Number WS-SUP720-3B<br>Serial Number SAL09243661 | One Verizon Place Alpharetta, GA 30004 |
| 6 | 1-31-08 | Part Number WS-X6724-SFP<br>Serial Number SAD0916028U | One Verizon Place Alpharetta, GA 30004 |
| 7 | 3-12-08 | Part Number WS-SUP720-3B<br>Serial Number SAD08330BS6 | One Verizon Place Alpharetta, GA 30004 |

| A<br>Count | B<br>Date (On or About) | C<br>Cisco Systems Part | D<br>Address |
|---|---|---|---|
| 8 | 9-23-08 | Part Number WS-SUP720-3BXL<br>Serial Number SAL1005BVW4 | One Verizon Place Alpharetta, GA 30004 |
| 9 | 12-4-08 | Part Number WS-SUP720-3BXL<br>Serial Number SAL1008E2QC | One Verizon Place Alpharetta, GA 30004 |
| 10 | 12-17-08 | Part Number WS-SUP720-3BXL<br>Serial Number SAD09450296 | One Verizon Place Alpharetta, GA 30004 |
| 11 | 2-24-09 | Part Number 7600-SIP-400<br>Serial Number JAE1133TXYO | One Verizon Place Alpharetta, GA 30004 |
| 12 | 4-14-09 | Part Number WS-SUP720-3BXL<br>Serial number SAL10467WSP | One Verizon Place Alpharetta, GA 30004 |
| 13 | 4-27-09 | Part Number WS-SUP720-3BXL<br>Serial Number SAL1228WJD8 | One Verizon Place Alpharetta, GA 30004 |
| 14 | 5-11-09 | Part Number WS-SUP720-3BXL<br>Serial Number SAL1014J78H | One Verizon Place Alpharetta, GA 30004 |
| 15 | 6-3-09 | Part Number 7600-SIP-400<br>Serial Number JAE1214D097 | One Verizon Place Alpharetta, GA 30004 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNTS SIXTEEN THROUGH THIRTY**
**Wire Fraud**
**(18 U.S.C. §§ 1343 and 2)**

6. Paragraphs One through Five of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

7. On or about the dates identified in Column B of the chart set forth below, each date constituting a separate count as set forth in Column A, in the Northern District of Georgia and elsewhere, the defendant, MICHAEL W. BAXTER, for the purpose of executing the aforementioned scheme and artifice to defraud, and attempting to do so, and for obtaining money and property from Cisco Systems by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, did knowingly and willfully cause to be transmitted by means of wire and radio communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, that is, electronic communications, as described in Column C:

| A<br>Count | B<br>Date<br>(On or About) | C<br>Transmission |
|---|---|---|
| 16 | 12-20-06 | Online service request number 605040051 |
| 17 | 2-6-07 | Online service request number 605327265 |
| 18 | 7-9-07 | Online service request number 606373729 |

| A<br>Count | B<br>Date<br>(On or About) | C<br>Transmission |
|---|---|---|
| 19 | 10-11-07 | Online service request number 607049399 |
| 20 | 12-10-07 | Online service request number 607486431 |
| 21 | 1-17-08 | Online service request number 607731947 |
| 22 | 3-12-08 | Online service request number 608155343 |
| 23 | 9-23-08 | Online service request number 609647845 |
| 24 | 12-4-08 | Online service request number 610224735 |
| 25 | 12-17-08 | Online service request number 610320573 |
| 26 | 2-24-09 | Online service request number 610806057 |
| 27 | 4-14-09 | Online service request number 611208575 |
| 28 | 4-27-09 | Online service request number 611310065 |
| 29 | 5-11-09 | Online service request number 611430271 |
| 30 | 6-3-09 | Online service request number 611614003 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE PROVISION**

Upon conviction of the offenses alleged in Counts One through Thirty of this Indictment, the defendant, MICHAEL W. BAXTER, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any and all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Counts One through Thirty of this Indictment, including but not limited to a money judgment representing the amount of proceeds obtained as a result of the said offenses.

If, as a result of any act or omission of the defendants, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A True BILL

FOREPERSON

SALLY QUILLIAN YATES
ACTING UNITED STATES ATTORNEY

DAVID M. CHAIKEN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6000
Georgia Bar No. 118618